**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JUSTUS CHESTNUT, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | No: |
| v. | : | |
| | : | |
| GENERAL MOTORS CORPORATION, | : | |
| Defendant | : | |

## COMPLAINT AND JURY DEMAND

**I.      INTRODUCTION**

Plaintiff, Justus Chestnut, claims of Defendant, General Motors Corporation, ("Defendant"), a sum in excess of $150,000 in damages upon a cause of action whereof the following is a statement:

1.      This action for declaratory, injunctive, monetary and other appropriate relief is brought by Plaintiff to redress violations by Defendant of rights secured to Plaintiff by the laws of the United States of America.

2.      This action arises under Title VII of the Civil Rights Acts of 1964 ("Title VII"), 42 U.S.C. §2000(e), et seq., as amended by the Civil Rights Act of 1991 at 42 U.S.C. §1981(a), and 42 U.S.C.. §1981, and is brought by Plaintiff to redress arbitrary, improper, unlawful, willful, deliberate and intentional race discrimination and retaliation with respect to his compensation, terms, conditions and privileges of employment by the Defendant.

## II. JURISDICTION AND VENUE

3. The jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §1331, Title 42 U.S.C. §2000e-5(f), and 42 U.S.C. §1981, which provide for original jurisdiction of Plaintiff's claim arising under the laws of the United States and over actions to recover damages and to secure equitable and other relief under the appropriate governing statutes.

4. The venue of this Court is invoked pursuant to the dictates of Title 28 U.S.C. §1391(c).

5. All conditions precedent to the institution of this suit have been fulfilled. On September 5, 2006, a Notice of Right to Sue was issued by the Equal Employment Opportunity Commission. An action was filed by the Plaintiff within ninety (90) days of receipt of said notice. The Plaintiff has exhausted all other jurisdictional requirements to the maintenance of this action.

## III. PARTIES

6. Plaintiff, Justus Chestnut, is an African American citizen of the State of New Jersey, who resides therein at 84 Twin Hill Drive, Willingboro, New Jersey.

7. Defendant, General Motors Corporation, was and is now a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania and maintains a place of business located at 200 Cabott Boulevard, Langhorne, Pennsylvania.

8. At all times relevant hereto, the Defendant was acting through its agents, servants and employees, who were authorized and acting within the scope of their

authority, course of employment, and under the direct control of the Defendant.

9. At all times material herein, the Defendant has been a "person" and "employer" as defined under Title VII, and is subject to the provisions of said Act.

### IV. STATEMENT OF CLAIMS

10. The Plaintiff, an African-American male, has been employed by the Defendant in the capacity of a Millwright from on or about November 12, 1979 until the present.

11. During his tenure of employment, the Plaintiff has at all times performed his job function in a dutiful, competent and professional manner.

12. In or about 2004, the Plaintiff, a member of UAW Local 2177, utilized the bumping rights of the Collective Bargaining Union, to work a different shift assignment which was offering overtime work to another Millwright. The said Millwright, who was Caucasian, assumed the Plaintiff's former shift assignment.

13. Upon his arrival at the new shift however, the Plaintiff's opportunity for overtime was surreptitiously removed by the Defendant's management without explanation.

14. Moreover, the said Caucasian Millwright was offered overtime hours on the Plaintiff's former shift assignment when those hours were not previously offered to the Plaintiff.

15. As a result, the Plaintiff believed at that time that he was being systematically denied overtime shifts due to his race and complained about the same to the Defendant, to no avail.

16. Thereafter, on or about May 5, 2004, the Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") based on his belief that he was being subjected to race discrimination by the Defendant with respect to the terms, conditions, and privileges of his employment, and in particular, his receipt of overtime assignments.

17. Subsequent to filing the aforesaid Charge of Discrimination, the Plaintiff reached a "settlement" with the Defendant, via his Union representation, for compensation lost due to being denied the right to work the said overtime hours. Te Plaintiff was also assured that he would be given a fair opportunity to work overtime hours in the future.

18. Notwithstanding the terms of the settlement, the Plaintiff has been systematically and continuously denied the right to work overtime to the present, in substantially the same manner he was denied overtime work previously by the Defendant.

19. Although the Plaintiff has continued to register complaints regarding his denial of the right to receive overtime assignments, the Defendant has failed to investigate his complaints or take any remedial action on his behalf.

20. The Defendant's refusal to offer the Plaintiff overtime hours, when such hours are available, constitutes retaliation against the Plaintiff for previously filing a Charge of Discrimination with the EEOC as aforesaid.

21. The Defendant's actions through the present date, constitute a continuing violation of applicable law, as aforesaid.

22. The Plaintiff believes and therefore avers that he has been subjected to a

systematic and continuous pattern of race discrimination and retaliation for engaging in protected activity, as aforesaid.

**COUNT I**
**(TITLE VII – Race Discrimination and Retaliation)**
**Plaintiff v. Defendant**

23. Plaintiff incorporates by reference paragraphs 1 through 22 of his Complaint fully set forth at length herein.

24. The actions of the Defendant through its agents, servants and employees, in subjecting the Plaintiff to racial discrimination in the terms, conditions and privileges of his employment because of his race and in retaliation for opposing discrimination, constituted a violation of Title VII.

25. The Defendant's acts of discrimination as aforesaid were intentional, willful and in reckless disregard of Plaintiff's rights and interests.

26. As a direct result of Defendant's willful and unlawful actions in violation of Title VII, the Plaintiff has suffered emotional distress, humiliation, embarrassment, loss of self-esteem and has sustained a loss of earnings, plus the value of the aforementioned benefits, plus loss of future earning power, plus loss of back pay and front pay and interest due thereon.

**COUNT II**
**(42 U.S.C. §1981 – Race Discrimination)**
**Plaintiff v. Defendant**

27. Plaintiff incorporates by reference paragraphs 1 through 26 of his Complaint fully set forth at length herein.

28. The actions of the Defendant through its agents, servants and employees, in subjecting the Plaintiff to racial discrimination in the terms, conditions and privileges of his employment because of his race, constituted a violation of §1981.

29. The Defendant's acts of discrimination as aforesaid were intentional, willful and in reckless disregard of Plaintiff's rights and interests.

30. As a direct result of Defendant's willful and unlawful actions in violation of §1981, the Plaintiff has suffered emotional distress, humiliation, embarrassment, loss of self-esteem and has sustained a loss of earnings, plus the value of the aforementioned benefits, plus loss of future earning power, plus loss of back pay and front pay and interest due thereon.

## **PRAYER FOR RELIEF**

31. Plaintiff repeats the allegations of paragraph 1 through 30 of this Complaint as if set forth herein at length.

**WHEREFORE**, Plaintiff requests this Court to enter judgment in his favor and against Defendant and order that:

(a) Defendant compensate Plaintiff for the wages and other benefits and emoluments of employment lost, because of their unlawful conduct;

(b) Defendant pay to Plaintiff compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of employment of life and other non-pecuniary losses as allowable;

(c) Defendant pay to Plaintiff punitive damages (under Title VII) pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

(d) The Court award such other relief as is deemed just and proper.

## JURY DEMAND

Plaintiff demands trial by jury.

**THE LOVITZ LAW FIRM, P.C.**

By:_____
KEVIN I. LOVITZ, ESQUIRE
ID # 70184
1528 Walnut Street
Suite 1401
Philadelphia, PA 19102
(215) 735-1996 Phone
(215) 546-7440 Fax

Attorney for Plaintiff