IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JUSTUS CHESTNUT,** | \| |
| Plaintiff, | \| |
| | \| CIVIL ACTION |
| v. | \| |
| | \| NO. 06-4921 |
| **GENERAL MOTORS CORP.,** | \| |
| Defendant. | \| |

**MEMORANDUM AND ORDER**

Tucker, J.                                                                                            September____, 2008

Presently before this Court are Defendant's Motion for Summary Judgment (Doc. 22), Plaintiff's Response in Opposition (Doc. 25), and Defendant's Reply (Doc. 31). For the reasons set forth below, the Court will grant in part and deny in part Defendants' Motion.

**BACKGROUND**

Viewing the evidence in a light most favorable to the non-moving party, here the Plaintiff, the pertinent facts are as follows. Plaintiff, Justus Chestnut, is an African-American male who is an hourly employee of Defendant's Service Parts Operations facility in Langhorne, Pennsylvania. Plaintiff was hired by Defendant as a Millright on November 12, 1979, and he has been a member of the United Auto Workers Local 2177 during the entire period of his employment. Plaintiff was transferred to Defendant's Langhorne facility in 2002.

In 2004, Plaintiff used bumping rights through the United Auto Workers to transfer to the facility's second shift, which he believed to consist of ten hours (rather than his previous eight hour shift). James Krupa, a Caucasian male and the only other Millright at the facility, had previously worked the second shift. Krupa and Plaintiff effectively switched schedules. After Plaintiff worked one week of the second shift, however, he claims that he was no longer permitted to work the overtime/ten hour shift. Plaintiff alleges that all other (non-production)

employees working the second shift at the facility were permitted to work ten hour shifts. Furthermore, Plaintiff alleges that Krupa was then offered ten hour shifts during Plaintiff's former first eight-hour shift on a regular basis. Plaintiff complained to the Defendant about his denial of overtime.

 Based on the belief that he was discriminated against on the basis of his race, Defendant filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on May 5, 2004. Plaintiff alleges that he subsequently settled with Defendant through his Union representation and, as a result, he received compensation lost due to the overtime hours he had been denied. Plaintiff avers that he was assured that he would receive a fair opportunity to work overtime going forward. However, according to Plaintiff, he has been continually denied overtime. Plaintiff continued to file grievances with Defendant regarding the denial of his overtime. Plaintiff alleges that Defendant's continual refusal to offer him overtime hours when available constitutes retaliation against Plaintiff for his previously filed EEOC charge. On or about March 9, 2006, Plaintiff filed an EEOC Charge of Discrimination alleging retaliation.

 Plaintiff alleges two counts in his Complaint: 1) race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et seq., and 2) race discrimination in violation of 42 U.S.C. § 1981. Plaintiff filed a second Charge with the EEOC and received a Notice of Right to Sue on September 5, 2006. Plaintiff filed his Complaint in the present action on November 7, 2006.

 Defendant moves for summary judgment in its favor on the claims of race discrimination and retaliation on the grounds that Plaintiff's race discrimination claim pursuant to Title VII is

time barred, Plaintiff failed to exhaust administrative remedies, and Plaintiff cannot establish a submissible claim of race discrimination. (Def's Mot. Summ. J. 1, 2.)

## **LEGAL STANDARD**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). A factual dispute is "material" if it might affect the outcome of the case under governing law. Id.

A party seeking summary judgment always bears the initial responsibility for informing the district court of the basis of its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Where the non-moving party bears the burden of proof on a particular issue at trial, the movant's initial Celotex burden can be met simply by "pointing out to the district court that there is an absence of evidence to support the non-moving party's case." Id. at 325. After the moving party has met its initial burden, "the adverse party's response, by affidavits or otherwise as provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). That is, summary judgment is appropriate if the non-moving party fails to rebut by making a factual showing "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. "[I]f the opponent [of summary judgment] has exceeded the 'mere scintilla' [of evidence] threshold and has offered a genuine issue of material fact, then the

court cannot credit the movant's version of events against opponent, even if the quality of the movant's evidence far outweighs that of its opponent." Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992). Under Rule 56, the Court must view the evidence presented on the motion in the light most favorable to the opposing party. Anderson, 477 U.S. at 255.

## DISCUSSION

### I.     Title VII Race Discrimination Claim

Defendant asserts that Plaintiff's race discrimination claim pursuant to Title VII is time-barred since according to Defendant, Plaintiff failed to file suit within ninety (90) days of receiving the Dismissal and Notice Rights related to that charge. Defendant further maintains that Plaintiff is unable to establish a prima facie case of race discrimination. According to Defendant Plaintiff did not suffer an adverse employment action and he has no evidence of similarly situated employee's who were treated more favorably. The Court will address each of Defendants contentions in turn.

#### A.     Exhaustion of Administrative Procedures

Defendant claims that Plaintiff failed to exhaust administrative procedures because he alleged only retaliation in his March 2006 EEOC Charge of Discrimination.[1] Thus, Defendant avers that Plaintiff has not exhausted his remedies before the EEOC for his race discrimination claim and his claim is time-barred.

A Title VII claimant must exhaust administrative remedies before filing a suit in federal

---

[1] As stated, supra, Plaintiff filed his claim alleging specifically alleging race discrimination in May 2004. On June 27, 2005, the EEOC issued a Dismissal and Notice of Rights for the May 2004 Charge. Plaintiff was required to file suit within ninety (90) days of receipt of that letter. Plaintiff never filed suit on the May 2004 charge.

court. Robinson v. Dalton, 107 F.3d 1018, 1021 (3d Cir. 1997). However, a district court may assume jurisdiction over additional charges if, "they are reasonably within the scope of the complainant's original charges and if a reasonable investigation by the EEOC would have encompassed the new claims." Howze v. Jones & Laughlin Steel Corp., 750 F.2d 1208 (3d Cir. 1984); White v. Gallagher Basset Servs., 2003 U.S. Dist. LEXIS 2051, *17 (E.D. Pa. Feb. 4, 2003).

In this case, this Court finds that the Plaintiff's claim of race discrimination is reasonably encompassed in his retaliation claim. Race discrimination can be implied reasonably from Plaintiff's March 2006 Charge of Discrimination which alleges that he was being denied overtime "in the same manner" as he was previously denied overtime. The Court finds that the EEOC's reasonable investigation of Plaintiff's March 2006 Charge would have encompassed his race discrimination claim since the statement "in the same manner" would have resulted in uncovering that claim. Therefore, the Defendant's motion for Summary Judgment based on failure to exhaust administrative procedures is denied.

  **B. Discrimination Claim**

To establish a prima facie case of discrimination under Title VII Plaintiff must show the following: (1) Plaintiff is a member of a protected class; (2) who is qualified for the employment position; (3) suffered an adverse employment action; and (4) similarly situated non-protected persons were treated more favorable than Plaintiff under circumstances giving rise to an inference of discrimination. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1981); Goosby v. Johnson & Johnson Med. Inc., 228 F.3d 313, 318-319 93d Cir. 2000); Fuentes v. Perskie, 32 F.3d 759, 764-65 (3d Cir. 1994). The Defendant may rebut the claim by providing a legitimate, non-discriminatory reason for Plaintiff's termination. Fuentes, 32 F.3d at 764. At

that point, it is the Plaintiff's burden to produce sufficient evidence—whether direct or circumstantial—such that a factfinder reasonably may infer that the proffered non-discriminatory reasons were "either a post-hoc fabrication or otherwise did not actually motivate the employment action" and thus "unworthy of credence." Id. at 764-65 (quoting Ezold v. Wolf, Block, Schorr & Solis-Cohen, 983 F.2d 509, 531 (3d Cir. 1993)).

The Plaintiff is able to establish the first three elements of the prima facie case for discrimination, but is unable to satisfy the fourth element. Under the fourth element of the analysis, the Plaintiff must show that people in other classes were treated more favorable than the Plaintiff under the same circumstances, giving rise to an inference of discrimination. Simpson v. Kay Jewelers, Inc., 142 F. 639 (3d Cir. 1998); Garcia v. Matthews, 66 Fed. Appx. 33, 343 (3d Cir. 2003).

In this case, the Plaintiff is unable to satisfy the fourth element because he has failed to identify any similarly situated person who was treated more favorably than him in terms of overtime hours. See Dill, 1997 WL 164275 at *4 (holding that plaintiff made no showing that any similarly situated non-protected persons were treated more favorably than he was); Bullock v. Childrens' Hosp. of Philadelphia, 71 F. Supp. 2d 482, 489-490. The parties identify James Krupa as a similarly situated person to Plaintiff. In fact, Krupa is the only similarly situated person identified by Plaintiff. (Pl. Mot. Summ. J. 2-4, 7) Moreover, Krupa is the only other Millwright employed at the facility.

Plaintiff asserts that James Krupa was regularly permitted to work overtime, while Plaintiff was not. The record, however, reflects that Plaintiff worked more hours than Krupa during the relevant period: 2003, 2004, 2005, and 2006. (Def. Mot. Summ. J. Exb. 6-13, 19-26.) This is reflected in GM's payroll records which Plaintiff does not dispute. (Def. Mot. Summ. J.

Exb 1: 174, 181.)  Furthermore, Plaintiff admitted during his deposition that during the relevant period he worked overtime at his supervisor's request.  (Def. Mot. Summ. J. Exb. 1:112-13.)  This Court finds that the Plaintiff has failed to make out a prima facie case of race discrimination.

Further, assuming *arguendo* that the Plaintiff establishes a prima facie case, the burden is then shifted the Defendant to state a legitimate, non-discriminatory reason for its action.  The employer's burden to articulate a legitimate reason for its unfavorable employment decision is "relatively light."  Fuentes, 32 F.3d at 763.  This Court finds that the Defendant has met its burden of proffering a legitimate, non-discriminatory reason for denying Plaintiff overtime hours.

To defeat summary judgment, once the Defendant has articulated a legitimate nondiscriminatory reason for its overtime hours, the Plaintiff must point to some evidence "direct or circumstantial, from which a factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action."  Fuentes, 32 F.3d at 759.  The Plaintiff fails to meet this burden since his assertions are unsupported by the record.  Defendant has presented evidence that, in an effort to trim hours throughout the facility, GM management has made efforts to decrease the overtime worked by skilled tradesman.  (Def. Mot. Summ. J. Exb 20.)  Plaintiff admitted this to be a true representation of management policy.  (Def. Mot. Summ. J. Exb 1: 136, 151-152, 170.)  Plaintiff's only evidence of race discrimination is his unsupported assertion that other skilled tradesmen were allowed to work overtime while he was not.  This is not sufficient to sustain a claim of race discrimination.

Therefore, this Court finds that there is no genuine issue of material fact on the fourth element of the Plaintiff's prima facie case.  Furthermore, this Court finds that there is no issue of

material fact as to whether Plaintiff was denied overtime on the basis of race. Consequently, this Court will grant summary judgment in favor of the Defendant.

## II.     Title VII Retaliation Claim

Defendant seeks summary judgment on Plaintiff's retaliation claim. Defendant maintains that Plaintiff cannot establish a prima facie case of retaliation. According to Defendant, some of Plaintiff's complaints to the EEOC do not constitute protected activity and Plaintiff did not suffer adverse employment action. Moreover, Defendant asserts that even if Plaintiff can establish a prima facie case for discrimination, GM had legitimate non-discriminatory reasons for controlling the amount of overtime worked by its employees, including Plaintiff.

Title VII provides an "antiretaliation" provision which "forbids an employer from 'discriminating against' an employee or job applicant because that individual 'opposed any practice' made unlawful by Title VII or 'made a charge, testified, assisted, or participated in' in a Title VII proceeding or investigation. Burlington Northern & Santa Fe Ry. v. White, 548 U.S. 53, 56 (2006) (citing section 2000e-3(a)). To establish retaliation, Plaintiff must demonstrate: (1) he engaged in a protected activity, (2) the Defendant took an adverse employment action after or contemporaneous with his protected activity; and (3) a causal link exists between his protected activity and the Defendant's adverse action. Weston v. Pennsylvania, 251 F.3d 420 (3d Cir. 2001); Delli Santi v. CNA Ins. Co., 88 F.3d 192, 198 (3d Cir. 1996). It is undisputed that Plaintiff engaged in a protected activity by filing his 2004 Charge of Discrimination with the EEOC.

Next, the Court must determine whether Defendant took an adverse employment action. The Supreme Court has held that an employer's actions will be considered materially adverse where the employer's actions were "harmful to the point that they could well dissuade a

reasonable worker from making or supporting a charge of discrimination." Burlington, 548 U.S. at 56.  Plaintiff claims that Defendant denied him overtime and such action constitutes adverse employment action.  Indeed, if Defendant had in fact denied Plainitiff overtime its actions would be considered adverse.  The Court finds that there exists an issue of material fact as to whether Defendant denied Plaintiff overtime hours following his EEOC Charge.  The record reflects that Plaintiff did work some overtime following his 2004 Charge of Discrimination.  However, a jury could find that Plaintiff's overtime hours were reduced following the 2004 Charge or that he was not offered additional overtime hours.

Additionally there is a material issue of fact on the issue of causation. Plaintiff states that following Plaintiff's first EEOC Charge and the subsequent settlement resolving Plaintiff's open grievances, Plaintiff was paid for the overtime hours he was denied and was assured that he would be permitted to work the same schedule as the other non-production employees on the second shift. Plaintiff avers that he was never permitted to work the overtime that was allowed to the other non-production employees.  According to Plaintiff such temporal proximity establishes causation. (Pl. Resp. Mot. Summ. J. 11).   It should be noted that timing alone between the protected activity and the adverse action is not enough to establish a causal link.  However, "timing plus other evidence may be an appropriate test where the temporal proximity is not so close as to be 'unduly suggestive.'" Estate of Smith v. Marasco, 318 F. 3d 497, 513 (3d Cir. 2003) (quoting Farrell v. Planters Lifesavers Co., 206 F.3d 271, 280 (3d Cir. 2000)).   Plaintiff has therefore succeeded in establishing a prima facie case of retaliation.

Once Plaintiff shows a prima facie case of discrimination, the Defendant may still make a viable claim for summary judgment by showing a legitimate reason for taking an adverse employment action against an employee.  Fuentes v. Perksie, 32 F.3d 759, 764 (3d Cir. 1994).

Here, Defendant claims that it had a legitimate reason for terminating Plaintiff, namely, that "the work performed by Millwrights at GM SPO is primarily preventative in nature and non-critical to the production operation such that it can occur during regular work hours, obviating the need for a regular overtime schedule for that trade classification." (Def. Mot. Summ. J. Reply 19.)

The burden then shifts back to the Plaintiff to show there is sufficient evidence from which a jury could conclude that the purported reasons for the adverse employment action were actually a pretext for retaliation. The Plaintiff must provide evidence from which a fact-finder could reasonably either: (1) disbelieve the employer's legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action. Fuentes, 32 F.3d at 764. There is an issue of material fact as to whether Defendant denied Plaintiff overtime hours due to the reduced need for overtime hours for the Millwright classification or whether its actual reason was retaliation for Plaintiff's EEOC Charge. Plaintiff avers that was always ample work to complete on overtime hours. This would present the fact-finder with sufficient reason to disbelieve the employer's reason.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment is granted in part and denied in part. Judgment is entered in favor of the Defendant and against the Plaintiff for summary judgment on Count I and II for racial discrimination only. Count I for retaliation remains.

**BY THE COURT:**

_____
**Hon. Petrese B. Tucker, U.S.D.J.**

10

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JUSTUS CHESTNUT,** | \| |
| Plaintiff, | \| |
| | \|   **CIVIL ACTION** |
| v. | \| |
| | \|   **NO. 06-4921** |
| **GENERAL MOTORS CORP.,** | \| |
| Defendant. | \| |

**ORDER**

AND NOW, this ____ day of September, 2008, upon consideration of Defendant's Motion for Summary Judgment (Doc. 22), Plaintiff's Response in Opposition (Doc. 25), and Defendant's Reply (Doc. 31), **IT IS HEREBY ORDERED and DECREED** that Defendant's Motion is **GRANTED IN PART and DENIED IN PART**.

IT IS FURTHER ORDERED that:

1. Count I of Plaintiff's Complaint for Retaliation shall remain.

2. **JUDGMENT** is **ENTERED** in favor of Defendant and against Plaintiff on Count I and II of the Complaint for Racial Discrimination only.

BY THE COURT:

/s/ Petrese B. Tucker

_____
**Hon. Petrese B. Tucker, U.S.D.J.**